DEAN THOMAS MOSS
hfbllc@yahoo.com
1001 Aviation Blvd
Manhattan Beach, CA 90266
Telephone:  310-613-4490

*Pro Se* For Defendant
**HANGAR INN**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMEN JOHN PERRI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE HANGAR INN, a business of unknown form; ROBERT GOLBAHAR, individually and as trustee of THE AMANDA PAVIE GOLBAHAR CHILD'S TRUST, DATED JANUARY 28, 2010 and trustee of THE ALEXIS MARGAUX GOLBAHAR CHILD'S TRUST, DATED JANUARY 28, 2010; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:18-cv-06454-VAP (JCx)<br><br>**DEFENDANT THE HANGAR INN'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Judge:         Hon. Virginia A. Phillips<br>Courtroom:  8A<br><br>Complaint Filed: July 26, 2018<br>Trial Date:        None Set |

Defendant Hangar Inn ("DEFENDANT") provides the following Answer and Affirmative Defenses to Plaintiff's Complaint ("Complaint").

**PARTIES**

1. DEFENDANT is without sufficient information or knowledge to form a belief as to Plaintiff's citizenship or as to the truth of other details alleged in Paragraph 1 of the Complaint, and therefore denies the same.

2. DEFENDANT is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 2 and on that basis denies them.

3. DEFENDANT is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 3 and on that basis denies them.

4. DEFENDANT is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 4 and on that basis denies them.

5. Admitted.

6. Admitted.

7. DEFENDANT is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 7 and can neither confirm nor deny such allegations.

**JURISDICTION AND VENUE**

8. Paragraph 8 of the Complaint contains jurisdictional statements and conclusions of law to which no response is required.  To the extent that a response is required, DEFENDANT admits that this Court has subject matter jurisdiction over claims arising under federal statute, but denies that it engaged in any unlawful conduct giving rise to the allegations in Plaintiff's Complaint.

9. Paragraph 9 of the Complaint contains jurisdictional statements and conclusions of law to which no response is required.  To the extent a response is required, DEFENDANT expressly denies any unlawful conduct occurred in this

District giving rise to the allegations in the Complaint and further denies the allegations contained in Paragraph 9.

10. Paragraph 10 of the Complaint contains statements and conclusions of law to which no response is required. To the extent that a response is required, DEFENDANT denies the allegations referenced in Paragraph 10 of the Complaint. Admitted that venue is proper in the Central District.

**FACTS COMMON TO ALL COUNTS**

11. DEFENDANT is without sufficient information or knowledge to form a belief as to Plaintiff's allegations as alleged in Paragraph 11 of the Complaint, and therefore denies the same.

12. Admitted that The Hangar Inn is a business establishment open to the public.

13. Admitted that a total of five parking places are provided for patrons of The Hangar Inn. DEFENDANT is without sufficient information or knowledge to form a belief as to Plaintiff's remaining allegations as alleged in Paragraph 13 of the Complaint, and therefore denies the same.

14. DEFENDANT is without sufficient information or knowledge to form a belief as to Plaintiff's allegations as alleged in Paragraph 14 of the Complaint, and therefore denies the same.

15. DEFENDANT is without sufficient information or knowledge to form a belief as to Plaintiff's allegations as alleged in Paragraph 15 of the Complaint, and therefore denies the same.

16. DEFENDANT is without sufficient information or knowledge to form a belief as to Plaintiff's allegations as alleged in Paragraph 16 of the Complaint, and therefore denies the same.

17. DEFENDANT is without sufficient information or knowledge to form a belief as to Plaintiff's allegations as alleged in Paragraph 17 of the Complaint, and therefore denies the same.

18. DEFENDANT is without sufficient information or knowledge to form a belief as to Plaintiff's allegations as alleged in Paragraph 18 of the Complaint, and therefore denies the same.

19. DEFENDANT is without sufficient information or knowledge to form a belief as to Plaintiff's allegations as alleged in Paragraph 19 of the Complaint, and therefore denies the same.

20. DEFENDANT is without sufficient information or knowledge to form a belief as to Plaintiff's allegations as alleged in Paragraph 20 of the Complaint, and therefore denies the same.

21. DEFENDANT is without sufficient information or knowledge to form a belief as to Plaintiff's allegations as alleged in Paragraph 21 of the Complaint, and therefore denies the same.

22. DEFENDANT is without sufficient information or knowledge to form a belief as to Plaintiff's allegations as alleged in Paragraph 22 of the Complaint, and therefore denies the same.

23. DEFENDANT is without sufficient information or knowledge to form a belief as to Plaintiff's allegations as alleged in Paragraph 23 of the Complaint, and therefore denies the same.

24. DEFENDANT is without sufficient information or knowledge to form a belief as to Plaintiff's allegations as alleged in Paragraph 24 of the Complaint, and therefore denies the same.

25. DEFENDANT is without sufficient information or knowledge to form a belief as to Plaintiff's allegations as alleged in Paragraph 25 of the Complaint, and therefore denies the same.

26. DEFENDANT is without sufficient information or knowledge to form a belief as to Plaintiff's allegations as alleged in Paragraph 26 of the Complaint, and therefore denies the same.

27. DEFENDANT is without sufficient information or knowledge to form a belief as to Plaintiff's allegations as alleged in Paragraph 27 of the Complaint, and therefore denies the same.

## **FIRST CAUSE OF ACTION**
## **Violations of the Americans With Disabilities Act of 1990, 42 U.S.C. §12182 *et seq*.**

28. DEFENDANT re-alleges and incorporates by reference its responses to Paragraphs 1 through 27 set forth herein in response to First Cause of Action, Paragraph 28 of the Complaint.

29. Paragraph 29 of the Complaint contains statements and conclusions of law to which no response is required. To the extent that a response is required, DEFENDANT admits that Plaintiff is attempting to bring a cause of action under Americans with Disabilities Act of 1990, 42, U.S.C. §12182 *et seq*., but DEFENDANT denies that it engaged in any unlawful conduct whatsoever. Except as specifically admitted herein, DEFENDANT denies the remaining allegations contained in Paragraph 29 of the Complaint.

30. Paragraph 30 of the Complaint contains statements and conclusions of law to which no response is required. To the extent that a response is required, DEFENDANT admits that Plaintiff is attempting to bring a cause of action under Americans with Disabilities Act of 1990, 42, U.S.C. §12182 *et seq*., but DEFENDANT denies that it engaged in any unlawful conduct whatsoever. Except as specifically admitted herein, DEFENDANT denies the remaining allegations contained in Paragraph 30 of the Complaint.

31. Paragraph 31 of the Complaint contains statements and conclusions of law to which no response is required. To the extent that a response is required, DEFENDANT admits that Plaintiff is attempting to bring a cause of action under Americans with Disabilities Act of 1990, 42, U.S.C. §12182 *et seq*., but DEFENDANT denies that it engaged in any unlawful conduct whatsoever. Except

as specifically admitted herein, DEFENDANT denies the remaining allegations contained in Paragraph 31 of the Complaint.

32. Paragraph 32 of the Complaint contains statements and conclusions of law to which no response is required. To the extent that a response is required, DEFENDANT admits that Plaintiff is attempting to bring a cause of action under Americans with Disabilities Act of 1990, 42, U.S.C. §12182 *et seq.*, but DEFENDANT denies that it engaged in any unlawful conduct whatsoever. Except as specifically admitted herein, DEFENDANT denies the remaining allegations contained in Paragraph 32 of the Complaint.

33. Paragraph 33 of the Complaint contains statements and conclusions of law to which no response is required. To the extent that a response is required, DEFENDANT admits that Plaintiff is attempting to bring a cause of action under Americans with Disabilities Act of 1990, 42, U.S.C. §12182 *et seq.*, but DEFENDANT denies that it engaged in any unlawful conduct whatsoever. Except as specifically admitted herein, DEFENDANT denies the remaining allegations contained in Paragraph 33 of the Complaint.

**SECOND CAUSE OF ACTION**
**Violation of the UCRA, California Civil Code §12182 *et seq.***

34. Paragraph 34 of the Complaint contains statements and conclusions of law to which no response is required. To the extent that a response is required, DEFENDANT admits that Plaintiff is attempting to bring a cause of action under Americans with Disabilities Act of 1990, 42, U.S.C. §12182 *et seq.*, but DEFENDANT denies that it engaged in any unlawful conduct whatsoever. Except as specifically admitted herein, DEFENDANT denies the remaining allegations contained in Paragraph 34 of the Complaint.

35. Paragraph 35 of the Complaint contains statements and conclusions of law to which no response is required. To the extent that a response is required, DEFENDANT admits that Plaintiff is attempting to bring a cause of action under

Americans with Disabilities Act of 1990, 42, U.S.C. §12182 *et seq*., but DEFENDANT denies that it engaged in any unlawful conduct whatsoever. Except as specifically admitted herein, DEFENDANT denies the remaining allegations contained in Paragraph 35 of the Complaint.

36. Paragraph 36 of the Complaint contains statements and conclusions of law to which no response is required. To the extent that a response is required, DEFENDANT admits that Plaintiff is attempting to bring a cause of action under Americans with Disabilities Act of 1990, 42, U.S.C. §12182 *et seq*., but DEFENDANT denies that it engaged in any unlawful conduct whatsoever. Except as specifically admitted herein, DEFENDANT denies the remaining allegations contained in Paragraph 36 of the Complaint.

37. Paragraph 37 of the Complaint contains statements and conclusions of law to which no response is required. To the extent that a response is required, DEFENDANT admits that Plaintiff is attempting to bring a cause of action under Americans with Disabilities Act of 1990, 42, U.S.C. §12182 *et seq*., but DEFENDANT denies that it engaged in any unlawful conduct whatsoever. Except as specifically admitted herein, DEFENDANT denies the remaining allegations contained in Paragraph 37 of the Complaint.

## GENERAL DENIAL

DEFENDANT denies all allegations not admitted herein.

## ANSWER TO ALL ALLEGATIONS/GENERAL DENIAL

All other allegations not specifically admitted are hereby denied.

///

///

///

///

///

///

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

38. Plaintiff lacks standing to challenge barriers in site he did not visit prior to the filing of the initial complaint.

## SECOND AFFIRMATIVE DEFENSE

39. Plaintiff's claims are moot.

## THIRD AFFIRMATIVE DEFENSE

40. Plaintiff's claims are barred by the applicable statutes of limitation.

## FOURTH AFFIRMATIVE DEFENSE

41. This Court lacks supplemental jurisdiction over any state law claims.

## FIFTH AFFIRMATIVE DEFENSE

42. Plaintiff has failed to state a claim under DEFENDANT as against Defendant.

## SIXTH AFFIRMATIVE DEFENSE

43. Plaintiff's claims are barred for failure to join necessary or indispensable parties.

## SEVENTH AFFIRMATIVE DEFENSE

44. Plaintiff's claims are barred because, with respect to any particular architectural element of any restaurant that departs from accessibility guidelines, the business provided "equivalent facilitation" in the form of alternative designs and technologies that provide substantially equivalent or greater access to and usability of the facility.

## EIGHTH AFFIRMATIVE DEFENSE

45. Plaintiff's claims are barred because the claimed violations are "de minimis," and non-actionable because they do not materially impair Plaintiff's use of an area for an intended purpose.

///

///

**NINTH AFFIRMATIVE DEFENSE**

46. Plaintiff's claims are barred because the barrier removal(s) Plaintiff seeks pursuant to the ADA in restaurants built before January 26, 1993 are not "readily achievable," or easily accomplishable and able to be carried out without much difficulty or expense within the meaning of 42 U.S.C. § 12181(9).

**TENTH AFFIRMATIVE DEFENSE**

47. Plaintiff's claims are barred because the modifications Plaintiff seeks are not "alterations" within the meaning of the ADA or Title 24 and/or they do not trigger an "alteration" legal standard, including because the modifications sought will be disproportionate in cost or cost in excess of 20% of the entire "alteration."

**ELEVENTH AFFIRMATIVE DEFENSE**

48. Defendant is not legally responsible for property that is not within its possession, custody or control including, but not limited to, the parking lot.

**TWELFTH AFFIRMATIVE DEFENSE**

49. Plaintiff's claims under the DEFENDANT and ADA Act are barred to the extent that they interfere with Defendant's compliance with laws and regulations that are equally applicable to all persons.

**THIRTEENTH AFFIRMATIVE DEFENSE**

50. Plaintiff's claims are barred because the alterations made by DEFENDANT are sufficient in that they satisfy the "to the maximum extent feasible" standard. 28 C.F.R. § 36.402(a)(1); 42 U.S.C §12183(a)(2).

**FOURTEENTH AFFIRMATIVE DEFENSE**

51. The Complaint does not satisfy the requirements of Fed. R. Civ. P. 23(a) and 23(b).

**FIFTEENTH AFFIRMATIVE DEFENSE**

52. Plaintiff's claims that the restaurant was designed in violation of the ADA or California Civil Code §51 *et seq.* are barred to the extent the restaurant was

designed and constructed prior to the effective date of the ADA, California Civil Code §51, or their regulations.

### SIXTEENTH AFFIRMATIVE DEFENSE

53. Defendant has made good faith efforts to comply with the ADA and Civ. Code §51, including providing appropriate alternative access.

### SEVENTEENTH AFFIRMATIVE DEFENSE

54. Plaintiff has failed to mitigate their damages, if any.

### EIGHTEENTH AFFIRMATIVE DEFENSE

55. The imposition of deterrence damages in this matter would violate Defendant's right to due process of law in violation of the California Constitution and the United States Constitution.

### NINETEENTH AFFIRMATIVE DEFENSE

56. The imposition of statutory minimum damages in this matter would violate Defendant's Eighth Amendment protection against excessive fines in violation of the California Constitution and the United States Constitution.

### TWENTIETH AFFIRMATIVE DEFENSE

57. During the relevant time period, Plaintiff Carmen John Perri was not "disabled" as defined by the ADAAA.

### TWENTY FIRST AFFIRMATIVE DEFENSE

58. DEFENDANT is subject to exemption based on the fact that they have only five parking spaces available to patrons.

### TWENTY SECOND AFFIRMATIVE DEFENSE

59. Plaintiff lacks standing to bring this action for relief against DEFENDANT in that Plaintiff has never patronized The Hangar Inn and has no definite intention of patronizing The Hangar Inn in the future. Plaintiff's alleged desire to seek access to The Hangar Inn is not for the purpose of using facility or obtaining access to the goods and services therein, but solely for the purpose of determining compliance

with the ADA. Therefore Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(1) of the Rules of Civil Procedure.

WHEREFORE, DEFENDANT denies that Plaintiff is entitled to any of the relief sought in in the first or second cause of action in their Complaint. DEFENDANT respectfully requests that this Court deny Plaintiff the relief sought in their Complaint, dismiss Plaintiff's Complaint with prejudice, award DEFENDANT its reasonable attorneys' fees to the extent allowed by law and costs, and grant DEFENDANT all other relief as is just and proper.

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury of all claims triable as of right by jury.

Dated: September 10, 2018

Respectfully submitted,

By: /s/ Dean Thomas Moss
Dean Thomas Moss

*Pro Se* For Defendant
**HANGAR INN**

- 11 -
DEFENDANT THE HANGAR INN'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; DEMAND FOR JURY TRIAL (CASE NO.: 2:18-cv-06454-VAP (JCx)

# CERTIFICATE OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-titled action. My business address is **2049 Century Park East, Suite 2900, Los Angeles, CA.**

On September 10, 2018, I served the following document(s):

"**DEFENDANT THE HANGAR INN'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; DEMAND FOR JURY TRIAL**"

on the counsel listed and by the methods indicated below:

The following CM/ECF participants were served by electronic means through the Court on September 10, 2018.

> *SEE COURT'S SERVICE LIST*

I declare under penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 10, 2018, at Los Angeles, California.

*/s/ Michelle E. Moya*
**Michelle E. Moya**

- 12 -
DEFENDANT THE HANGAR INN'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; DEMAND FOR JURY TRIAL (CASE NO.: 2:18-cv-06454-VAP (JCx))